UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN E. ELLIOT,<br><br>          Plaintiff,<br><br>v.<br><br>OFFICER McCHEFSKY, ET AL.,<br><br>          Defendants | Civil Action<br><br>No. 08-5429 |

MEMORANDUM

September 24, 2009                                                                                             Pollak, J.

      Defendants Officer Mokshefsky[1], the Chief of Police of the Eddystone Police Department[2], and the Borough of Eddystone have filed a motion to dismiss (docket no. 8) plaintiff Brian Elliot's civil rights complaint.

**I.     Background**

      The plaintiff was arrested on February 6, 2008, by Officer Mokshefsky of the

---

    [1]The petitioner incorrectly spelled the name of the arresting officer "Mechefsky" in his complaint.  Mot. to Dismiss at 1.

    [2]The submissions to the court do not indicate who occupies the position of Chief of Police of the Eddystone Police Department.

1

Eddystone Police Department.  On June 23, 2008, the plaintiff pled guilty to Criminal Trespass, 18 Pa. C.S.A. § 3503, and Impersonating a Public Servant, 18 Pa. C.S.A. § 4912, in the Court of Common Pleas of Delaware County.[3]  Plaintiff was sentenced the same day.  On October 31, 2008, the plaintiff moved for post-conviction relief in the Court of Common Pleas under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§9541-46.  The public record of the Court of Common Pleas indicates that the PCRA petition was dismissed on April 27, 2009, and the plaintiff filed an appeal on June 2, 2009.

On February 17, 2009, Elliott filed a civil rights complaint in this court against Officer Mokshefsky, the Chief of Police of the Eddystone Police Department, and the Borough of Eddystone ("defendants") pursuant to 42 U.S.C. § 1983.  The plaintiff alleges that the defendants "coached and co[erc]ed the borough's only witness," an eleven-year old girl, "to lie and make accusations."  Compl. at 4.  Additionally, he asserts that the police committed perjury in sworn documents filed with the Court of Common Pleas.  *Id*. The plaintiff seeks relief of one million dollars, including lawyer's fees, for false imprisonment and lost employment.  *Id*.

On March 24, 2009, the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

II.     Analysis

---

[3]The details of the conduct at issue do not appear in the record.

Rule 12(b)(6) provides that a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." In evaluating a motion to dismiss, "[w]e accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Unger v. Nat'l Residence Matching Program*, 928 F.2d 1392, 1394-1395 (3d Cir. 1991). Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007).

The defendants present three grounds for dismissal. First, the defendants maintain that the plaintiff's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), in which the Supreme Court ruled that a state prisoner cannot challenge the constitutionality of his conviction through a § 1983 action. Second, the defendants assert that they are entitled to immunity from plaintiff's allegations of perjury. Finally, the defendants argue that the plaintiff has failed to plead an action against the Borough pursuant to *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658 (1978).

"To make a prima facie case under §1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)). However, in *Heck,* the Supreme Court explained that

certain claims are not cognizable under § 1983:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-487. The Third Circuit held in *Gilles v. Davis* that the *Heck* analysis applies to guilty pleas as well as to convictions. 427 F.3d 197, 209 n.8 (3d Cir. 2005).[4]

The plaintiff's action is barred under *Heck*. The plaintiff seeks damages on the grounds that the defendants committed perjury and coerced a witness to commit perjury. The plaintiff's guilty plea has not been reversed, expunged, invalidated, or otherwise called into question. In fact, the plaintiff's PCRA petition was dismissed on April 27, 2009. A finding in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *see also Greene v. Barrasse*, 317 F.App'x. 101, (3d Cir. 2009) (non precedential) (affirming the district court's dismissal of

---

[4] Two non-precedential Third Circuit opinions have followed *Gilles* in applying *Heck* to guilty pleas. *See Radocesky v. Munley*, 247 F.App'x. 363, 366 (3d Cir. 2007); *Fuchs v. Mercer County,* 260 F.App'x. 472, 473-74 (3d Cir. 2008).

plaintiff's § 1983 action where the plaintiff alleged prosecutors had conspired to permit perjury). Accordingly, Elliott's suit is barred under *Heck,* and the court will grant the motion to dismiss.

The dismissal is without prejudice in the sense that, if plaintiff, having appealed the denial of his PCRA petition, ultimately succeeds in having his conviction overturned, plaintiff might seek to initiate a renewed § 1983 action. *See Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety*, 411 F.3d 427, 435 (3d Cir. 2005).

### III.  Conclusion

In an accompanying order, the motion to dismiss is granted and the complaint is dismissed without prejudice.